UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIFFANY RICHARDS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-03541-X |
| | § | |
| LIFEPOINT HEALTH WELFARE | § | |
| BENEFITS PLAN, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant LifePoint Health Welfare Benefits Plan's (LifePoint) motion to dismiss. (Doc. 7). After due consideration, the Court **GRANTS** the motion and **DISMISSES WITHOUT PREJUDICE** the Complaint. The Court also **GRANTS** Plaintiff Tiffany Richards leave to amend her complaint within 28 days of the issuance of this order.

## I.     Background

This case is a textual dispute over the meaning of life insurance eligibility requirements. Under LifePoint Health Welfare Benefits Plan's Group Disability Income Policy No. SA3-890-LF1620-01 (the "Policy"), an enrollee is not covered until they "complete the Eligibility Waiting Period."[1] The Eligibility Waiting Period "means the continuous length of time you must be in Active Employment in an eligible class to reach your Eligible Date," which is the "[f]irst of the month following

---

[1] Doc. 1-1 at 20.

1

30 days of continuous, Active Employment."[2]   The requirement for "Active Employment" is working "a minimum of 30 regularly scheduled hours per week."[3]

Dustin Richards (Mr. Richards), the late husband of Plaintiff Tiffany Richards (Mrs. Richards), began working for LifePoint on November 25, 2024.  As part of his benefits package, he enrolled in life insurance under the Policy and named Mrs. Richards the beneficiary of the $480,000 life insurance policy.  He worked full-time for LifePoint until he collapsed at the end of his shift on December 26, 2024.  Mr. Richards did not return to work.  Tragically, Mr. Richards did not recover, and he died on February 2, 2025.

Mrs. Richards filed a claim under the Policy, and Lincoln National Life Insurance Company (Lincoln)—the Policy issuer—denied it because Mr. Richards had not satisfied the Eligibility Waiting Period.  She appealed.  Lincoln denied the claim again, justifying its denial on the basis that Mr. Richards was not a covered employee because he was not in Active Employment on January 1, 2025—the first of the month following 30 days of Active Employment.

Mrs. Richards subsequently filed this suit, seeking the $480,000 benefit under the Policy.  LifePoint moved to dismiss for failure to state a claim, again arguing that under the terms of the Policy, that Mr. Richards had not qualified for coverage.

---

[2] *Id.* at 16; *id.* at 7.

[3] *Id.* at 14; *id.* at 7.

## II.      Legal Standard

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[4]  A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[5]  In stating their claim, the plaintiff does not have to plead detailed facts, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[6]  For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[7]  And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[9]  That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[10]

---

[4] FED. R. CIV. P. 12(b)(6).

[5] FED. R. CIV. P. 8(a)(2).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *Iqbal*, 556 U.S. at 678.

[9] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[10] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023).

### III.   Analysis

Courts "interpret the language of an ERISA plan in accordance with the federal common law, giving the language of the contract its ordinary and generally accepted meaning."[11]  "Provisions are not read in isolation, but as a whole."[12]  "Only if the meaning is sufficiently ambiguous after applying the traditional rules of contract interpretation do [courts] construe the language strictly in favor of the insured."[13]

But when a benefit plan gives an administrator or fiduciary discretionary authority to determine eligibility or to construe the plan's terms, the Court applies an abuse-of-discretion standard.[14]  Plan administrators abuse their discretion where "the plan administrator acted arbitrarily or capriciously."[15]  "A decision is arbitrary only if made without a rational connection between the known facts and the decision or between the found facts and the evidence."[16]  The review is not "particularly complex or technical; it need only assure that the administrator's decision fall somewhere on a continuum of reasonableness—even if on the low end."[17]

LifePoint's Policy gives Lincoln authority to determine eligibility and construe the Policy's terms.[18]  So abuse of discretion review applies.  And LifePoint prevails so

---

[11] *Bunner v. Dearborn Nat'l Life Ins. Co.*, 37 F.4th 267, 272 (5th Cir. 2022) (cleaned up).

[12] *Dialysis Newco, Inc. v. Cmty. Health Sys. Grp. Health Plan*, 938 F.3d 246, 251 (5th Cir. 2019).

[13] *Bunner*, 938 F.3d at 272–73.

[14] *Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 636 (5th Cir. 1992).

[15] *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 246 (5th Cir. 2009) (cleaned up).

[16] *Id.* (cleaned up).

[17] *Id.* at 247 (cleaned up).

[18] Doc. 1-1 at 50.

long as Lincoln's interpretation of the Policy is at least on the low end of reasonableness.[19]

Lincoln determined Mrs. Richards is not entitled to the $480,000 because Mr. Richards was not in Active Employment—defined as working a minimum of 30 regularly scheduled hours per week—until his coverage began on January 1, 2025, as he never returned to work after collapsing on December 26.[20]  To reach this conclusion, Lincoln interpreted the Policy to require the employee to remain in Actively Employment throughout the Eligibility Waiting Period—30 days of continuous Active Employment *and* any remaining days until coverage begins.

Recall that the Policy defines the "Eligibility Waiting Period" as "the continuous length of time you must be in Active Employment in an eligible class to reach your Eligibility Date."[21]  And that date is the "[f]irst of the month following 30 days of continuous, Active Employment."[22]

It is not unreasonable to conclude that the Policy requires continuous Active Employment for the entire Eligibility Waiting Period under these terms.  The Eligibility Waiting Period seemingly includes more days than just the 30 days of continuous, Active Employment.  So the Court cannot conclude that Lincoln abused its discretion.

---

[19] *Holland*, 576 F.3d at 246–47.

[20] Doc. 8 at 10.

[21] Doc. 1-1 at 16.

[22] *Id.* at 7.

To be sure, the Policy doesn't expressly require this reading.  And this reading may be low on the reasonableness scale.  But the Court cannot find abuse of discretion on that basis.[23]

If, however, Mrs. Richards alleged facts showing that Lincoln and LifePoint had treated similarly situated claimants differently, that may constitute an abuse of discretion.[24]  Or at least a pleading dispute that necessitates discovery.

Accordingly, the Court **GRANTS** the motion and **DISMISSES WITHOUT PREJUDICE** Mrs. Richard's complaint.  The Court also **GRANTS** Mrs. Richards leave to file an amended complaint within 28 days of the issuance of this order.

**IT IS SO ORDERED** this 27th day of May, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[23] *See Holland*, 576 F.3d at 247.

[24] *Encompass Off. Sols., Inc. v. La. Health Serv. & Indem. Co.*, 919 F.3d 266, 283 (5th Cir. 2019).