UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIFFANY RICHARDS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:25-CV-3541-X |
| LIFEPOINT HEALTH WELFARE BENEFITS PLAN, | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant LifePoint Health Welfare Benefits Plan's (LifePoint) Motion to Dismiss. (Doc. 20). The Court **GRANTS IN PART AND DENIES IN PART** LifePoint's Motion.

### I. Background and Procedural History[1]

This case involves a despite about life insurance coverage. Plaintiff Tiffany Richards's (Richards) husband (Mr. Richards) began his full-time employment with Lifepoint and elected coverage for life insurance benefits on November 25, 2024. On December 26, 2024, he collapsed, was taken to a hospital, and never returned to work. He tragically passed away on February 2, 2025.

Mr. Richards's life insurance policy provided that employees had to complete the Eligibility Waiting period to be eligible for life insurance benefits. The Policy defines the Eligibility Waiting period as beginning the date the employee is hired and

[1] The Court has already recounted the full background in its previous order granting LifePoint's Motion to Dismiss. *See* Doc. 18. Here, it will recount the facts relevant to this Motion to Dismiss.

ending on the "first of the month following 30 days of continuous, Active Employment."[2] When Richards filed a claim under the Policy, she was denied. That was because Lincoln National Life Insurance Company (Lincoln), the Policy issuer, interpreted the Policy to require the employee to remain in Active Employment through the Eligibility Waiting Period *and* any remaining days until coverage began. In Mr. Richards's case, because he did not work from December 26 to January 1, when his coverage began, he was ineligible for coverage.

Richards filed this suit, and the Court granted LifePoint's first Motion to Dismiss. The Court dismissed Richards's claims without prejudice and allowed her to file an amended complaint alleging facts showing that Lincoln and LifePoint treated similarly situated claimants differently. Richards filed an amended complaint, alleging that (1) LifePoint abused its discretion in denying coverage; (2) LifePoint's decision no longer receives an "abuse of discretion" standard upon judicial review because LifePoint did not provide her with required documents and information; and (3) Texas insurance law renders the "abuse of discretion" standard inapplicable.[3] LifePoint filed another motion to dismiss.

## II. Legal Standard

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[4] A pleading in federal court must state "a short

---

[2] Doc. 18 at 1–2 (cleaned up).

[3] *See* Doc. 19 at 2–3.

[4] Fed. R. Civ. P. 12(b)(6).

and plain statement of the claim showing that the pleader is entitled to relief."[5] In stating their claim, the plaintiff does not have to plead detailed facts, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[6] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[7] And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[9] That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[10]

## III. Analysis

LifePoint brings three arguments in its Motion. First, it argues that Lincoln did not abuse its discretion in denying Richards's claim for benefits. Second, it argues that LifePoint fully complied with Richards's document requests, and that abuse of discretion is the appropriate standard. Third, it argues that the Texas Insurance

---

[5] FED. R. CIV. P. 8(a)(2).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *Iqbal*, 556 U.S. at 678.

[9] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[10] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023).

Code does not apply to the Plan. The Court addresses the first two arguments together, and then the third.

### A. Abuse of Discretion and Compliance with Document Requests

LifePoint's Policy requires employees to complete the Eligibility Waiting Period before coverage begins.[11] The Eligibility Waiting Period is "the continuous length of time you must be in Active Employment in an eligible class to reach your Eligibility Date."[12] And it ends the "first of the month following 30 days of continuous active employment."[13] The complaint alleges that, according to the text, Mr. Richards met the eligibility waiting period requirement because he worked from November 25 to December 26.[14]

The Court previously discussed LifePoint and Lincoln's interpretation of the Policy, explaining that abuse of discretion review applies and LifePoint prevails "so long as Lincoln's interpretation of the Policy is at least on the low end of reasonableness."[15] The Court concluded that it was "not unreasonable to conclude that the Policy requires continuous Active Employment for the entire Eligibility Waiting Period," so Lincoln did not abuse its discretion.[16] The Court noted that if Richards "alleged facts showing that Lincoln and LifePoint had treated similarly

---

[11] *See* Doc. 19 at 9.

[12] Doc. 19-1 at 19.

[13] *See* Doc. 19 at 9 (cleaned up).

[14] *See* Doc. 19 at 11.

[15] Doc. 18 at 3–4.

[16] *Id.* at 5.

situated claimants differently," that could constitute an abuse of discretion or a pleading dispute requiring discovery.[17]

The Amended Complaint attempts this task with hypotheticals. It is actual decisions, not hypothetical ones, that matter. But what also matters is that the Court believes LifePoint was required to share these documents and evidence with Richards under 29 C.F.R. section 2560.503-1 and failed to.[18] LifePoint responds that because Lincoln *only* relied upon the Policy's terms and the information in Mr. Richards's file, and because it disclosed both to Richards, it satisfied its obligations under the Code.[19] Richards makes two arguments. First, LifePoint wrongfully did not disclose the required information to *her*. Second, because LifePoint did not disclose the requisite information to her, the Court reviews LifePoint's determination *de novo*.

Mr. Richards had a Group Life insurance plan.[20] Section 2560.503-1(h)(1) provides that "every employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination."[21] For most types of insurance plans, including group plans like Mr. Richards's, claimants do not have a reasonable opportunity for a "full and fair review of a claim and adverse benefit determination" unless the claims procedures "provide that a claimant shall be provided, upon request and free of charge, reasonable access

[17] *Id.* at 6.

[18] *See* Doc. 19 at 12–14.

[19] *See* Doc. 20 at 11–12.

[20] *See* Doc. 19-1 at 56.

[21] 29 C.F.R. § 2560.503-1(h)(1) (cleaned up).

to, and copies of, all documents, records, and other information *relevant* to the claimant's claim for benefits."[22] "Whether a document, record, or other information is *relevant* to a claim for benefits" depends on whether it "(i) was relied upon in making the benefit determination; (ii) was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;" or, relevant here, whether it "(iii) demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination."[23] Paragraph (b)(5) deems claims procedures for a plan reasonable if "the claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants."[24]

Richards asserts that LifePoint failed to provide her with all the information it relied upon in evaluating her claim for benefits.[25] Specifically, she alleges that LifePoint was required to provide her with information proving that they applied the Plan consistently with respect to individuals similarly situated to Richards.[26]

---

[22] *Id.* § 2560.503-1(h)(2)(iii) (cleaned up) (emphasis added).

[23] *Id.* § 2560.503-1(h)(2)(iii), (m)(8) (cleaned up) (emphasis added).

[24] *Id.* § 2560.503-1(b)(5) (cleaned up).

[25] *See* Doc. 19 at 2–3.

[26] *See* Doc. 23 at 2.

The Court agrees with Richardss. Per the Court's last order, Richards was allowed to amend her Complaint to allege that LifePoint treated similarly situated individuals differently. She could not do so because LifePoint refused to provide her with any information on how it assesses similar claims by other individuals it insures. LifePoint maintains that it is only required to give Richards what it relied upon in making its determination: the Policy document, the Plan document, and Mr. Richards's file.[27] But the Court permitted Richards to amend her complaint to allege that LifePoint treats similarly situated individuals differently. And she cannot do so if LifePoint refuses to share with her any information about how it treats individuals similarly situated to Mr. Richards.

Because LifePoint deprived Richards of the information the Court required her to plead and the law entitled her to, the Court **DENIES** LifePoint's Motion as to Richards's first and second counts.

### B. Texas Insurance Law

Lastly, Richards argues that Texas law, which prohibits a discretionary clause in a life insurance policy, should apply.[28] LifePoint counters that Tennessee law, not Texas law, applies to Richards's policy.[29] Tennessee law does not prohibit discretionary clauses in insurance documents. The Court agrees with LifePoint that Tennessee law applies.

---

[27] *See* Doc. 20 at 12.

[28] *See* Doc. 19 at 15 (citing TEX. INS. CODE § 1701.062).

[29] *See* Doc. 20 at 13–14.

As Richards correctly notes, "when assessing factual questions, the district court is constrained to the evidence before the plan administrator."[30] Here, the terms of the Plan explain that:

> the Plan and each Component Plan will be construed and enforced in accordance with ERISA and the laws of the state or commonwealth identified in a Component Plan, or if a Component Plan does not identify the state or commonwealth the laws of which shall govern, the laws of the State of Tennessee without giving effect to the principles of conflicts of law thereof, to the extent such laws are not preempted by ERISA.[31]

As LifePoint explains, "the Policy is incorporated by reference into the Plan as a Component Plan."[32] The Plan's administrator relied upon the document containing the Tennessee choice-of-law provision. LifePoint provided this document to Richards on February 20.[33] Therefore, Tennessee law applies and the Court views LifePoint's denial of benefits claim under the abuse of discretion standard.[34] And as the Court has already discussed, LifePoint's policy does not fail under an abuse of discretion standard. The Court therefore **DISMISSES WITH PREJUDICE** Richards's claim under Texas Insurance Code § 1701.062 because Texas law does not apply.

## IV. Conclusion

For these reasons, the Court **GRANTS IN PART AND DENIES IN PART** LifePoint's Motion to Dismiss. The Court **DENIES** LifePoint's Motion as to

---

[30] *See Vega v. Nat'l Life Servs., Inc.*, 188 F.3d 287, 299 (1999).

[31] Doc. 20 at 14.

[32] *Id.* (cleaned up).

[33] *See* Doc. 9.

[34] *See Ganter v. Sun Life Assurance Co. of Canada*, 2016 WL 11587419, at *2 (W.D. Ark. Mar. 15, 2016) (Hickey, J.) (holding that Tennessee, not Arkansas, law applied, and thus, the district court reviewed the plaintiff's "denial of benefits claim under an abuse of discretion standard").

Richards's first and second counts, alleging that LifePoint was required to provide her with documentation regarding its treatment of similarly situated individuals. And the Court **GRANTS** the Motion as to Richards's third claim and **DISMISSES WITH PREJUDICE** Richards's claim that Texas law applies to LifePoint's discretionary clause.

Richards's first and second claims only may proceed. The Court therefore limits discovery in this case to Richards's claim that LifePoint treats similarly situated individuals differently for purposes of life insurance claim denials.

**IT IS SO ORDERED** this 6th day of November, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE